**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHRISTOPHER HEIMERDINGER,<br><br>     Plaintiff,<br>  v.<br><br>MICHAEL COLLINS,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Case Number: 2:07CV00844 DN<br>(consent)<br><br>Magistrate Judge David Nuffer |

Plaintiff Christopher Heimerdinger moves for summary judgment against Defendant Michael Collins on the only remaining claim in this case.[1] This order finds there is no genuine issue of material fact, and that summary judgment in favor of Heimerdinger is appropriate.

**Table of Contents**

Case Background ........................................................................................................................ 2
Summary Judgment Standard ..................................................................................................... 4
Discussion ................................................................................................................................... 4
  Work for Hire ......................................................................................................................... 5
  Joint Authorship ................................................................................................................... 11
    *Collins Offers No Evidence That He Had Decision-Making Control* ............................... 12
    *Collins Offers No Evidence That Heimerdinger Intended Collins to Be a Joint Author* .... 13
    *Collins Offers No Evidence That Audience Appeal Turns on Collins's Contributions* ...... 14
Conclusion ................................................................................................................................ 14
ORDER ..................................................................................................................................... 14

---

[1] Motion for Summary Judgment, docket no. 39, filed December 5, 2008.

## Case Background[2]

Collins and Heimerdinger agreed to create a website to advertise and market Heimerdinger and his books, simultaneously marketing and advertising Collins's web design business. Heimerdinger agreed to pay the costs associated with the website. After about two years, they created an online store to bring in additional revenue, and they orally agreed (Oral Agreement) to equally share all net profits from the online store. The Utah Third District Court has determined that the Oral Agreement created a partnership.

As the relationship between the partners deteriorated, Collins agreed to keep the website in place until May 1, 2006. On April 21, 2006, Collins allegedly shut down the website and prevented Heimerdinger from accessing the website or the site's database. Heimerdinger alleged that the site database was the most valuable asset of the partnership and that shutting down the website and preventing his access to the database associated with the site constituted wrongful termination of the partnership.

On April 27, 2006, Heimerdinger filed suit[3] in the Utah Third District Court (State Complaint) seeking judicial dissolution of the partnership under Utah Code Ann. § 48-1-29 based on Collins' alleged wrongful termination of the partnership prior to the winding up of the partnership affairs. Heimerdinger further sought a declaratory judgment declaring and ordering that the partnership be judicially dissolved; that neither partner is entitled to any disbursements during winding up or liable for any outstanding debt, liability or loss; that neither partner holds

---

[2] The background facts, which are not in dispute, are taken from a previous order of this court. Order Granting in Part Defendants' Motion to Dismiss and Denying Plaintiff's Motion for Exercise of Supplemental Jurisdiction, docket no. 27, filed under seal February 8, 2008.

[3] *Heimerdinger v. Collins*, No. 060405334 (Utah Third District Court, April 27, 2007) (State Action Docket), attached as part of Exhibit A to Collins' Memorandum in Support of Plaintiff's Motion for Exercise of Supplemental Jurisdiction, docket no. 11, filed under seal November 15, 2007.

2

claim to any personal property; and that Heimerdinger be appointed to wind up the partnership affairs.  On August 3, 2006, the partnership was declared dissolved by stipulation of the parties with an effective date of April 27, 2006.  The parties were ordered to "jointly wind up the partnership," and Heimerdinger was ordered to give Collins full access to the records of the business.[4]  The state case is complex and ongoing.

On October 31, 2007, Heimerdinger filed suit in this Court (Federal Complaint).  The Federal Complaint included five claims: (1) that Collins has no copyright ownership or other rights to Heimerdinger's creative works (Copyright Claim); (2) that Collins and his attorney Abbott intentionally interfered with contractual relations; (3) that Collins and B. Heimerdinger placed Heimerdinger in a false light and invaded his privacy; (4) that Collins and Abbott conspired; and (5) that Collins and B. Heimerdinger conspired.  All claims except the first were dismissed by prior order of this court.[5]

## Motion for Summary Judgment

In support of his motion for summary judgment, Heimerdinger states that Collins has asserted a claim to Heimerdinger's creative works including a novel, an associated film, and several songs by virtue of the Oral Agreement.  Heimerdinger seeks a declaratory judgment that Collins "does not have any ownership interest in Heimerdinger's copyrighted works or other creative works because Collins has not produced and cannot produce a writing that satisfies the requirement of 17 U.S.C. § 204(a)."[6]  Heimerdinger argues that summary judgment is

---

[4] Third Judicial District Court of Utah, Order on June 26, 2006 Hearing, Judge Roth, Aug. 3, 2006, ¶¶ 4-5, included as part of Exhibit A to Collins' Memorandum in Support of Plaintiff's Motion for Exercise of Supplemental Jurisdiction, docket no. 11, filed under seal November 15, 2007.

[5] Order Granting in Part Defendants' Motion to Dismiss and Denying Plaintiff's Motion for Exercise of Supplemental Jurisdiction, docket no. 27, filed under seal February 8, 2008.

[6] Motion for Summary Judgment at 1-2.

3

appropriate because the evidence submitted "defines Plaintiff as the sole author and contributor to the creative works."[7]

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[8] The moving party "bears the burden of showing the absence of a genuine issue of material fact," but the moving party "need only point out to the district court 'that there is an absence of evidence to support the nonmoving party's case.'"[9]

## Discussion

Two principal issues are presented on the motion for summary judgment. These issues underlie the claims Collins makes to ownership in the works copyrighted in Heimerdinger's name. Collins claims the copyrights are invalid because of the "work-for-hire" and "joint authorship" doctrines.[10]

The principal doctrine on which Heimerdinger relies is not rebutted. That is, Heimerdinger claims that Collins can have no interest in his copyrighted works because Collins has no writing to support his claim. Heimerdinger states:

> This Court should grant summary judgment in favor of Heimerdinger as to his First case [sic] of Action for Declaratory Judgment for Determination of Copyright Ownership because Collins has not produced and cannot produce a writing that satisfies the requirement of 17 U.S.C. § 204(a).

---

[7] Reply Memorandum in Support of Motion for Summary Judgment at 25, docket no. 51, filed March 13, 2009.

[8] Fed. R. Civ. P. 56(c).

[9] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[10] Defendant's Memorandum in Opposition to Motion for Summary Judgment (Opposition Memorandum) at 1-2, docket no. 48, filed Jan. 20, 2009.

Section 204 of the United States Copyright Act states that "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."[11]

Collins does not refute this argument. But Collins claims the partnership owns the copyrights on the works at issue, because of the work for hire and joint authorship doctrines.

**Work for Hire**

The lack of a written transfer of copyright ownership from Plaintiff to the partnership does not preclude the "work for hire" theory because the "work for hire" theory does not contemplate a transfer of copyright ownership. The Copyright Act states that "[c]opyright . . . vests initially in the author . . . of the work."[12] However, "[i]n the case of a work made for hire, the employer . . . is considered the author for purposes of this title."[13] Because the employer is the author, copyright vests initially in the employer and no transfer of copyright is necessary for the employer to own copyright to a work made for hire.

Copyright law establishes that, "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author . . . and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright."[14] A "work made for hire" is "a work prepared by an employee within the scope of his or her employment" or "a work specially ordered or commissioned for use as a contribution to a collective work . . . if the parties expressly agree in a written instrument

---

[11] Memorandum in Support of Motion for Summary Judgment (Supporting Memorandum) at 4, docket no. 44, filed December 5, 2008 (quoting 17 U.S.C. § 204(a)).

[12] 17 U.S.C. § 201(a).

[13] 17 U.S.C. § 201(b).

[14] *Id.*

signed by them that the work shall be considered a work made for hire."[15] As Collins makes no claim that he and Heimerdinger expressly "agree[d] in a written instrument signed by them that the work[s at issue] shall be considered a work made for hire," the court analyzes only the type of work made for hire that is "prepared by an employee within the scope of his or her employment."

Collins's work-for-hire theory alleges that he and Heimerdinger "formed a partnership" and that, "[a]ccording to their agreement [regarding the partnership], [Heimerdinger] and Collins co-authored for the partnership [several of the works at issue]."[16] Collins's theory is that Heimerdinger was both a partner and an employee, and that he authored the works at issue in the scope of his employment for the partnership, and that, upon dissolution of the partnership, Collins, as a partner, will or should have received some interest in the partnership's copyright interests. The record on this motion, however, shows that there are no genuine issues of material fact on Heimerdinger's claim that his acts of authorship were not in the scope of any employment for the partnership. Therefore, Collins's work-for-hire claims fail.

In the context of copyright law, federal courts "rel[y] on the general common law of agency, rather than on the law of any particular State, to give meaning to [the term 'employee']."[17] This is appropriate given the Copyright Act's "express objective of creating national, uniform copyright law by broadly pre-empting state statutory and common-law copyright regulation."[18] Viewing the facts and allegations most favorably to Collins,

---

[15] 17 U.S.C. § 101.

[16] Opposition Memorandum at 17.

[17] *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989) (citations omitted).

[18] *Id.*

6

Heimerdinger was not an employee of the partnership for two reasons: (1) a partner is generally not an employee and (2) Heimerdinger was not an employee under general agency law.

Although the issue of whether a partner is an employee of the partnership is not well-developed in the context of copyright law, it is well established in the Tenth Circuit that in federal tax law and anti-discrimination law (Title VII, FLSA, ADEA, ADA), "bona fide general partners are not employees."[19] There is no reason to depart from the definition of "employee" in other areas of federal law. Another district court addressed the question of whether a partner could be an employee of the partnership under the work-for-hire doctrine:

> [A]t issue is whether Mr. Flowers prepared the songs as an employee of the partnership. Partners are not generally regarded as employees of partnerships. . . . Mr. Brown has not alleged any relationship between the parties other than that of equal partners with separate duties, and hence has not alleged an employer/employee relationship. Therefore, he has not sufficiently alleged ownership via the work-for-hire doctrine."[20]

Collins has failed to allege facts that could support an exception to the general rule that a partner is not an employee of a partnership. Collins' allegation[21] that both Heimerdinger and Collins were "employees and partners" of the partnership is conclusory and without supporting facts. The facts Collins alleges support the court's conclusion that Heimerdinger did not *create the works* as an employee of the partnership.

Not only does Heimerdinger's position as a partner preclude a finding that he was a employee, but Heimerdinger's role, as analyzed under the Supreme Court's common law agency test for determining employee status under copyright law, also forecloses any possibility of

---

[19] *Wheeler v. Hurdman*, 825 F.2d 257, 268, 277 (10th Cir. 1987).

[20] *Brown v. Flowers*, 297 F. Supp. 2d, 846, 852 (M.D.N.C. 2003) (citations omitted), *aff'd*, 196 F. App'x, 178 (4th Cir. 2006).

[21] Opposition Memorandum at 14 and Affidavit of Michael Collins in Support of Defendant's Memorandum in Opposition to Motion for Summary Judgment (Opposition Affidavit) ¶ 41, docket no. 49, filed Jan. 20, 2009.

Heimerdinger being an employee of the partnership. The Supreme Court described the appropriate analysis:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.[22]

Collins has not made any allegations that the partnership had any right to control the means and manner by which the works at issue were produced. It may be dispositive to simply note that, in the absence of an explicit agreement, each partner in a two-partner partnership wields a 50% vote. Because a 50% vote is not a majority, Heimerdinger himself had 50% of the vote, and he could never be forced to do anything by the partnership.

Further, the facts most favorable to Collins's position do not support any of the control required for a finding of employee status. Collins's characterization of both parties as "employees of the partnership"[23] is insignificant in determining whether Heimerdinger actually was an employee. Collins alleges that in April 1999 the parties formed a partnership[24] in which they each had a 50% interest,[25] without a formal agreement,[26] to create a web site to sell

---

[22] *Community for Creative Non-Violence*, 490 U.S. at 751-52 (footnotes omitted)(citing Restatement (Second) of Agency § 220(2) (1958)).

[23] Opposition Memorandum at 2, ¶ 3.

[24] *Id.* ¶ 2; *Id.* at 7, ¶ 5.

[25] *Id.* at 3, ¶ 5 at 3; *Id.* at 8, ¶ 10..

[26] *Id.*at 2, ¶ 3.

8

Heimerdinger's works.[27] Heimerdinger paid all partnership costs in exchange for publicity from the web site,[28] and the parties split profits from the web site 50/50.[29] Heimerdinger authored works for the partnership using partnership resources,[30] and Heimerdinger promised that the partnership would be the exclusive distributor.[31]

These allegations, even if true, provide no support for the conclusion that the partnership had any "right to control the manner and means by which [Heimerdinger's works were] accomplished" under the Supreme Court's standard. Collins's 50% partnership interest was insufficient to give the partnership a right to control the manner and means of Heimerdinger's authorship.

Additionally, the other factors in the Supreme Court's test overwhelmingly militate in Heimerdinger's favor. Book/song/movie authorship requires great skill; the authorship did not occur at a partnership-owned location; there is no evidence that the partnership had the right to assign additional projects; Heimerdinger had full discretion over when and how long to work; Heimerdinger did not get paid by the partnership; Heimerdinger received no employee benefits from the partnership; and there is no evidence that Heimerdinger was treated like an employee for tax purposes.

Collins also argues that the copyright applications are ambiguous in declaring Heimerdinger the sole author, because Heimerdinger's name appears twice on each application, once as the author of a work *not* made for hire (block 2a) and again as the author of a work made

---

[27] *Id.* at 3, ¶ 4.
[28] *Id.* at 8, ¶ 7.
[29] *Id.* at 3, ¶ 5; *Id.* at 8, ¶ 10.
[30] *Id.* at 4, ¶ 10; *Id.* at 6, ¶ 16.
[31] *Id.* at 5, ¶ 13.

for hire (block 2b). In this example, block 2a says the nature of Heimerdinger's authorship is "sound recording, words, music and musical arrangement." In block 2b, by contrast, the nature of authorship is "Assistance with sound recording and musical arrangement."

Fig. 1 – Excerpt from copyright application for "BYU Security Police," Exhibit B [Attachment 2] to Affidavit of Christopher Heimerdinger, docket no. 41, filed December 5, 2008.

The instructions at the left side of the form clarify Heimerdinger's intentions. They state that the "author" is any *employer* as to a work made for hire. Heimerdinger's "work made for hire" notation in block 2b is not an admission that *Heimerdinger* made the works for an employer. At most the notation acknowledges that others' "assistance" was contributed to *Heimerdinger's* authorship

Because there is no genuine issue of material fact regarding whether Heimerdinger was an employee of the partnership, this courts grants Heimerdinger's motion for summary judgment on the work-for-hire theory.

10

**Joint Authorship**

Under copyright law, "[t]he authors of a joint work are coowners [sic] of copyright in the work."[32] A "joint work" is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."[33] Collins claims he and Heimerdinger were joint authors in various works.

Authoring a "joint work" requires "more than a minimal creative or original contribution to the work."[34] Circuits are divided over whether an author in a joint work must have contributed material that is independently copyrightable.[35] Aside from this split, circuits are generally agreed on the test for identifying a joint work.[36] In determining joint authorship, courts employ a three-factor test in which the first factor is weighted most heavily: 1) control, 2) objective manifestations of shared intent to be coauthors, and 3) whether audience appeal turns on both contributions.[37]

Taking the facts in the light most favorable to Collins, he was not a joint author in any of the works at issue because he has raised no genuine issues of material fact related to any of the three factors for determining "joint work" status: (1) Collins did not have control, (2) Heimerdinger never intended for Collins to be a joint author, and (3) there is no evidence that audience appeal turned on Collins's contributions.

---

[32] 17 U.S.C. § 201(a).

[33] 17 U.S.C. § 101.

[34] *Aalmuhammed v. Lee*, 202 F.3d 1227, 1233 (9th Cir. 2000).

[35] *Childress v. Taylor*, 945 F.2d 500, 506-07 (2d. Cir. 1991); *Aalmuhammed*, 202 F.3d at 1234; *Gaiman v. McFarlane*, 360 F.3d 644, 658-59 (7th Cir. 2004).

[36] *Aalmuhammed*, 202 F.3d at 1234.

[37] *Id.*

11

*Collins Offers No Evidence That He Had Decision-Making Control*

The most important factor, control, inquires as to whether a putative author has decision-making authority regarding the work at issue. The Ninth Circuit found that a consultant who "could make extremely helpful recommendations" to a movie director was not an author of a joint work because the director "was not bound to accept any of [the recommendations], and the work would not benefit in the slightest unless [the director] chose to accept [the recommendations]."[38] The Second, Seventh, and Ninth Circuits have formulated the shared-intent question as whether "both parties intended each other to be joint authors."[39]

Collins did not have the decision-making authority required to satisfy the control factor of the joint-work test. Collins adduces no evidence that he made decisions regarding the works at issue. Collins alleges only that he contributed suggestions, but his allegations fall short of control in decision-making: "The novel [Passage to Zarahemla] was co-authored by plaintiff, plaintiff's former wife, and Collins."[40] "At least three songs, *Whispered Visions*, *Simple Fellow* and *Savior, Redeemer* were co-written, co-produced and/or co-engineered by plaintiff and Collins."[41] The motion picture *Passage to Zarahemla* "was co-authored by plaintiff, plaintiff's former wife, and Collins."[42] "Plaintiff and Collins both contributed to the book *Passage to Zarahemla*, including characters, plots, storylines, etc."[43]

As the Ninth Circuit observed, "Progress would be retarded rather than promoted, if an author could not consult with others and adopt their useful suggestions without sacrificing sole

---

[38] *Id.* at 1235.

[39] *Id.* at 1234 (citing *Thomson v. Larson*, 147 F.3d 195, 202-05 (2d Cir. 1998)).

[40] Opposition Memorandum at 3, ¶ 6.

[41] *Id.* at 4, ¶ 10.

[42] *Id.* at 6, ¶ 14.

[43] *Id.* at 9, ¶ 15.

ownership of the work."[44]  Because Collins's strongest allegation is that he merely *contributed* suggestions, there is no genuine issue of fact as to the control factor of the "joint work" test.

*Collins Offers No Evidence That Heimerdinger Intended Collins to Be a Joint Author*

Because Collins makes no allegations that Heimerdinger ever intended joint-authorship, but only that Heimerdinger was grateful for Collins's contributions and suggestions, there is no genuine issue of fact as to the intention factor of the "joint work" test.  Collins's strongest allegations fall short of alleging Heimerdinger's intention for joint-authorship:  "Plaintiff was so grateful to Collins for his contributions to the books that Collins was included as a character in *The Tennis Shoes Adventure Series* books and Collins' daughter was included as a character in *Passage to Zarahemla*."[45]  "Plaintiff paid royalties to Collins for Collins's collaboration in plaintiff's creative works."[46]

Collins has produced six checks, totaling about $385, from Chris Heimerdinger to Mike Collins.  The "for" line of one check reads "Royalty" and the "for" line of another of the checks reads "Book Sales."[47]  Even accepting as true Collins's allegations that he made contributions to the works at issue and was paid by Heimerdinger for the "collaboration," neither of these facts leads to the conclusion that Heimerdinger intended for Collins to be a co-author, especially in light of the Ninth Circuit's statement that "[p]rogress would be retarded rather than promoted, if an author could not consult with others and adopt their useful suggestions without sacrificing sole ownership of the work."[48]

---

[44] *Aalmuhammed*, 202 F.3d at 1235.

[45] Opposition Memorandum at 9-10, ¶ 17.

[46] *Id.* at 10, ¶ 20.

[47] Exhibit 2 to Opposition Affidavit.

[48] *Aalmuhammed*, 202 F.3d at 1235.

*Collins Offers No Evidence That Audience Appeal Turns on Collins's Contributions*

Collins produced no evidence and made no allegations that audience appeal turns on his contributions.

With regard to Collins's joint-authorship theory, Collins has alleged no facts that would support a claim that he co-authored with Heimerdinger under copyright law.

### Conclusion

Collins has failed to "set out specific facts showing a genuine issue for trial" as required by Fed. R. Civ. P. 56(e)(2) in order to avoid summary judgment.  Accordingly, this court grants Heimerdinger's motion for summary judgment.

### ORDER

IT IS HEREBY ORDERED that the motion for summary judgment[49] is GRANTED and summary judgment shall be entered in favor of Heimerdinger and against Collins.

IT IS ORDERED, ADJUDGED and DECREED that Collins has no copyright ownership, publishing interest, or any other interest in the novel and film Passage to Zarahemla, or in the nine Heimerdinger songs.

Dated this 17th day of June 2009.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[49] Docket 39, filed December 5, 2008.